**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

June 7, 2024

LETTER TO ALL COUNSEL OF RECORD

Re:   *Tina P. v. Martin O'Malley, Commissioner, Social Security Administration*[1]
      Civil No. 23-1209-CDA

Dear Counsel:

On May 8, 2023, Plaintiff Tina P. ("Plaintiff") petitioned the Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") decision to deny her claim for benefits. ECF 1. This case was then referred to a magistrate judge with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). The Court has considered the record in this case (ECF 9) and the parties' briefs (ECFs 13, 19, 20). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the SSA's decision if it is supported by substantial evidence and if it employed proper legal standards. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). For the reasons explained below, the Court will AFFIRM the SSA's decision.

## I.   PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on December 21, 2020, and a Title XVI application for Supplemental Security Income ("SSI") benefits on January 23, 2021. Tr. 28. She alleges disability as of September 18, 2020. *Id.* Her claims were denied initially and on reconsideration. *Id.* On November 7, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 50–73. On November 22, 2022, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 25–49. The Appeals Council denied review, Tr. 7–13, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000).

## II.   THE ALJ'S DECISION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).

---

[1] Plaintiff filed this case against Kilolo Kijakazi, the Acting Commissioner of Social Security, on May 8, 2023. ECF 1. Martin O'Malley became the Commissioner of Social Security on December 20, 2023. The Court therefore substitutes him as Defendant. *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

The SSA evaluates disability claims using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. Under this process, an ALJ determines, in sequence, whether a claimant: "(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012).

Here, at step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since September 18, 2020. Tr. 32. At step two, the ALJ found that Plaintiff suffered from the following severe impairments: obesity; mild arthritis of the hips, shoulders, and knees; and degenerative disc disease of the cervical and lumbar spine. *Id.* The ALJ also found that Plaintiff had the following non-severe impairments: major depressive disorder, generalized anxiety disorder, trauma disorder, restless leg syndrome, bilateral carpal tunnel syndrome, Achilles tendon repair, Sjogren's syndrome, and rheumatoid arthritis. Tr. 32–33. At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals" a listed impairment. Tr. 34. The ALJ then found that Plaintiff had the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except for the following: the claimant can only stand and walk four hours a day; the claimant can frequently reach overhead and other directions bilaterally and frequently finger; the claimant can occasionally perform all postural activities, except never climb ladders, ropes, and scaffolds; and the claimant can occasionally be exposed to dust, odors, fumes, and pulmonary irritants, and extreme cold.

Tr. 37. The ALJ found that Plaintiff was unable to perform any past relevant work but could perform other jobs that existed in significant numbers in the national economy. Tr. 42. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 43.

### III.    LEGAL STANDARD

The Court's review is limited to determining whether substantial evidence supports the ALJ's findings and whether the ALJ applied the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987); 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla" and "somewhat less than a preponderance." *Id*. In conducting the "substantial evidence" inquiry, the Court considers whether the ALJ "has analyzed all evidence and has sufficiently explained the weight [they have] given to obviously probative exhibits." *See Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439 (4th Cir. 1997).

### IV.    ANALYSIS

This appeal involves only one issue: whether the ALJ properly assessed Plaintiff's subjective complaints of pain. *See* ECF 13, at 7; ECF 19, at 6. When evaluating subjective

complaints, ALJs use the two-step analytical process set forth at 20 C.F.R. §§ 404.1529 and 416.929 and described in SSR 16-3p. *See Oakes v. Kijakazi*, 70 F.4th 207, 215 (4th Cir. 2023) (citing *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020)). Step one requires an ALJ to determine if a "medically determinable impairment" exists that could "reasonably be expected to produce the claimant's alleged symptoms."[3] *Id*. (quoting *Arakas*, 983 F.3d at 95). At step two, the ALJ assesses "the intensity and persistence of the alleged symptoms to determine how they affect the claimant's ability to work and whether the claimant is disabled." *Id.* (quoting *Arakas*, 983 F.3d at 95). Because "disability benefits can be awarded on the sole basis of an objective impairment and derivative subjective pain," a claimant may "rely exclusively on subjective evidence" at step two. *Id.* (quoting *Arakas*, 983 F.3d at 96). Thus, "an ALJ applies the incorrect legal standard in discrediting complaints 'based on [a] lack of objective[4] evidence corroborating them.'" *Id.* (quoting *Arakas*, 983 F.3d at 96) (brackets in original); *accord* Social Security Ruling ("SSR") 16-3p, 2017 WL 5180304, at *5 (Oct. 25, 2017) ("[W]e will not disregard an individual's statements about [their] symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual.").

While an ALJ may not dismiss subjective complaints "based *entirely* upon the belief that they were not corroborated by the record's medical evidence," the ALJ must still "ascertain the extent of the claimant's alleged functional limitations and restrictions due to their pain or symptoms that could be reasonably accepted as consistent with the medical signs, laboratory findings, and other evidence, in discovering how these symptoms impact the claimant's ability to work." *Shelley C. v. Comm'r of Soc. Sec. Admin.*, 61 F.4th 341, 360 (4th Cir. 2023) (citing *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996)). In this respect, SSR 16-3p recognizes that "objective medical evidence is a useful indicator to help make reasonable conclusions about the intensity and persistence of symptoms[.]" SSR 16-3p, 2017 WL 5180304, at *5. Therefore, an ALJ "must consider whether an individual's statements about the intensity, persistence, and limiting effects of [their] symptoms are consistent with the medical signs and laboratory findings of record." *Id.* To do this, an ALJ considers "all of the evidence" in a claimant's record. *Id.* at *2, *7.

Here, after stating that they considered each of Plaintiff's alleged symptoms, the ALJ determined that the medical evidence of record "generally does not support [Plaintiff's] alleged loss of functioning." Tr. 37, 39. The ALJ noted that "objective examinations, including PEs and x-rays, indicate mostly normal/mild/moderate findings overall" and that Plaintiff's body mass index "has been in the lower 40's." Tr. 39. This analysis comports with regulations which require an ALJ to juxtapose a claimant's symptoms with the remainder of the record evidence.[5] *See* 20

---

[3] A "symptom" is a claimant's "own description or statement of [their] physical or mental impairment(s)." Social Security Ruling ("SSR") 16-3p, 2017 WL 5180304, at *2 (Oct. 25, 2017).

[4] "Objective medical evidence is evidence obtained from the application of medically acceptable clinical and laboratory diagnostic techniques, such as evidence of reduced joint motion, muscle spasm, sensory deficit or motor disruption." 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2).

[5] With respect to the ALJ's comment that Plaintiff's body mass index is "in the lower 40's," Tr. 39, the Court agrees with Plaintiff that it is unclear how this evidence might conflict with any

C.F.R. § 404.1529(a) ("In determining whether you are disabled, we consider all your symptoms, including pain, and the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence."); *id.* § 416.929(a) (same).

Plaintiff contends that it is unclear "which examination findings the ALJ purported to find inconsistent with [Plaintiff's] allegations." ECF 13, at 10. But this contention is belied by the ALJ's discussion, which cites the x-ray and physical examination records that the ALJ found inconsistent with Plaintiff's statements. *See* Tr. 38–39 (noting arthritic changes displayed in x-ray results and physical examination findings which showed normal range of motion, mild tenderness, and no edema of the extremities). Moreover, the ALJ specifically identified the parts of the body that were shown in each x-ray. *See id*. This permits the Court to understand "how the results [the ALJ] cited were relevant to the functional limitations" that Plaintiff alleges. *Lewis v. Berryhill*, 858 F.3d 858, 869 (4th Cir. 2017).

Plaintiff also avers that the ALJ's decision contradicts itself by noting "mild" x-ray findings while observing that "imaging of Plaintiff's spine visualized 'marked hypertrophic spurring anteriorly throughout the cervical spine[.]'" ECF 13, at 11 (quoting Tr. 38). But the ALJ's analysis contains no such contradiction. The ALJ simply noted that the x-ray that showed hypertrophic spurring *also* reflected "mild arthritic change in the right uncovertebral joint at C5-6." Tr. 38. This observation is consistent with the ALJ's determination that some of the objective evidence (though not *all* of it) was incompatible with Plaintiff's subjective complaints. *See id.* ("[T]he claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not *entirely* consistent with the medical evidence[.]") (emphasis added); Tr. 39 ("[T]he objective examinations, including PEs and x-rays, indicate mostly normal/mild/moderate findings *overall*[.]") (emphasis added). Although reasonable minds could disagree that the objective evidence in the record is inconsistent with Plaintiff's subjective complaints, the ALJ's conclusion on this issue was reasonable and thus entitled to deference. *See Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

To be sure, the ALJ would have erred if they had evaluated Plaintiff's subjective complaints solely based on their inconsistency with the objective evidence. *See* SSR 16-3p, 2017 WL 5180304, at *5 ("We will not evaluate an individual's symptoms based solely on objective medical evidence unless that objective medical evidence supports a finding that the individual is disabled."). But the ALJ did not do so. Instead, the ALJ evaluated Plaintiff's symptoms based on their consistency with the objective evidence *as well as* other factors. Such an analysis is proper—if an ALJ cannot make a favorable disability determination based solely on objective medical evidence, then they must consider "other evidence in the record." *Id.* at *6.

That "other" evidence includes, among other things, medications and pain treatments. *Id.* at *6–7. Specifically, ALJs consider "[t]he type, dosage, effectiveness, and side effects of any medication . . . taken to alleviate . . . pain or other symptoms" as well as "[t]reatment, other than medication," that a claimant uses to relieve symptoms, when determining whether subjective

---

subjective complaints. But, given that the remainder of the ALJ's analysis was proper for the reasons stated herein, the Court determines that this comment was, at worst, harmless error.

complaints are consistent with the rest of the record.  20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).  Here, the ALJ addressed these factors by observing that Plaintiff's "musculoskeletal conditions have improved somewhat with fairly conservative treatment, including injections and medications."  Tr. 39.  The ALJ further noted that Plaintiff's "pre-injection pain score was 8/10, and her post-injection pain score was 4/10."  *Id.*  The ALJ also stated that Plaintiff "responded well" to a lumbar epidural steroid block in March 2022 and "wanted to repeat the lumbar epidural injection" in September 2022.  *Id.*  Additionally, the ALJ noted that each of Plaintiff's non-severe impairments "were responsive to medication" and that Plaintiff's mental symptoms were treated through conservative means.  Tr. 32–33.  "If a symptom can be reasonably controlled by medication or treatment, it is not disabling."  *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) (per curiam).  Thus, the ALJ properly determined that Plaintiff's subjective complaints were incompatible with a finding of disability because her symptoms responded to treatment.[6]

In sum, the ALJ's assessment of Plaintiff's subjective complaints was supported by substantial evidence and comported with governing law for the reasons discussed above.  The Court must therefore affirm the ALJ's decision.

V.   **CONCLUSION**

For the reasons set forth herein, the SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g).  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion.  A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge

---

[6] Plaintiff faults the ALJ for observing that she "failed conservative measures"—a statement that Plaintiff interprets as contradicting "the ALJ's later claim that conservative measures were successful."  ECF 13, at 11.  But this argument misapprehends the ALJ's decision.  The ALJ's reference to Plaintiff having "failed conservative measures" is a quotation from a treating source, not the ALJ's own analysis.  *See* Tr. 39 ("Office treatment records [show] that the claimant . . . failed conservative measures and responded well to the lumbar injection[.]").  Plaintiff's treating source, unlike the ALJ, appears not to have characterized injections as conservative measures.